UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DELIS BERNARD PIERRE** | **CIVIL ACTION NO. 20-1529-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Plaintiff filed a motion for a temporary restraining order and motion for preliminary injunction [Doc. 4]. Plaintiff claims that on April 2, 2020, prison officials at David Wade Correctional Center beat and gassed him with a chemical spray. He believes he received inadequate medical care. He claims the only treatment he received was Naprosen for pain. Plaintiff claims he filed 34 sick calls between April 2, 2020 and November 19, 2020 seeking help for his injuries caused by the beating to no avail. He claims he was placed in a strip cell for 30 days despite the extent and severity of his injuries. Plaintiff believes the medical staff is working with the administration to cover-up his beating by refusing to acknowledge or adequately treat his injuries. He claims the staff refuses to acknowledge and truthfully respond to the grievances he filed in the administrative remedy procedure. Plaintiff claims the administration refuses to release his medical records to him. He claims the administration has tampered with and stolen his legal mail. He also claims the indigent legal writing supply package is inadequate.

Plaintiff claims that on August 17, 2020, he was again gassed and beaten by prison officials for no reason and was denied adequate medical treatment. He claims he was

placed in a strip cell and not allowed to shower or clean his cell. Plaintiff claims that on October 15, 2020, prison officials restrained him and beat him for talking to his neighbor.

Plaintiff claims he has continued physical and mental pain and suffering, sleep deprivation, and fear that his ribs will never be restored to full usefulness.

Plaintiff seeks necessary and adequate medical care, protection from ongoing abuse, access to the courts, legal writing supplies, the release of requested medical records, and an immediate transfer to another facility.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the motion for a temporary restraining order and motion for preliminary injunction [Doc. 4] be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 29th day of July, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge