# BILL OF INFORMATION

STATE OF LOUISIANA

VERSUS

DELIS B. PIERRE

No: 33,047

Filed: JUL 21 2020

/s/ SHANNON T. SKINNER
Deputy Clerk

**IN THE SECOND DISTRICT COURT for the**
**PARISH OF CLAIBORNE**
**STATE OF LOUISIANA**

DANIEL W. NEWELL, District Attorney in and for the Second Judicial District Court, through the undersigned Assistant District Attorney, and by authority of the Laws of the STATE OF LOUISIANA, charges that on or about April 2, 2020, at and in the Parish, District and State aforesaid,

**DELIS B. PIERRE**

Committed the offense of

**R.S. 14:34.2**
**BATTERY OF A POLICE OFFICER**

in that HE

COUNT 1: committed a battery on M/SGT. LOUIS HAMILTON, without the consent of M/SGT. LOUIS HAMILTON, when the defendant had reasonable grounds to believe that M/SGT. LOUIS HAMILTON was an officer acting in the performance of his duty; ( Invalid )

**CONTRARY TO THE LAWS OF THE STATE OF LOUISIANA** and against the Peace and Dignity of the same.

Respectfully Submitted,

[signature]
**STEVEN M. GATLIN**
Assistant District Attorney

**A TRUE COPY--Attest:**

____________________
Deputy Clerk
C-20000688

DWCC LAW LIBRARY

## § 14:34.2. Battery of a police officer.

**A. (1)** Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.

**(2)** For purposes of this Section, "police officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, federal law enforcement officers, federal law enforcement officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.

**(3)** For purposes of this Section, "battery of a police officer" includes the use of force or violence upon the person of the police officer by throwing feces, urine, blood, saliva, or any form of human waste by an offender while the offender is incarcerated by a court of law and is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility.

**B. (1) (a)** Whoever commits the crime of battery of a police officer shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor more than six months without benefit of suspension of sentence.

**(b)** Whoever commits a second or subsequent offense of battery of a police officer shall be fined not more than one thousand dollars and imprisoned with or without hard labor for not less than one year nor more than three years. At least fifteen days of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

**(2)** If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.

**(3) (a)** If the battery produces an injury that requires medical attention, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not less than one year nor more than five years, or both. At least thirty days of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

**(b)** If the battery produces an injury that requires medical attention, and the offense is a second or subsequent violation of the provisions of this Section, the offender shall be fined not more than two thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor



© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

more than five years. At least sixty days of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

**C.** The definition of a "police officer" as provided in Paragraph (A)(2) of this Section shall be strictly construed solely for the purposes of this Section and shall not be construed as granting the authority to any agency not defined as a "peace officer" pursuant to the provisions of R.S. 40:2402 to make arrests, perform search and seizures, execute criminal warrants, prevent and detect crime, and enforce the laws of this state.



© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT "C"

FORM B-05-001-A
20 August 2013

**Preventative Seg**

Ry

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **DAVID WADE CORRECTIONAL CENTER**

| 1. Name of Offender | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **Delis Pierre** | **498929** | **2 April 2020** | **Approx. 1153 hrs** |

| 5. Place of Incident | 6. Job Assignment (Offender) | 7. Housing Assignment (Offender) |
|---|---|---|
| **N4C Tier** | **U/A** | **N4C – 2** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **Defiance** | **#3** |

10. Description of Incident (Include all relevant information – "unusual offender behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On the above date and approximate time, I, M/Sgt. Hamilton was exiting N4C Tier when offender Delis Pierre #498929, who was currently in the N4 lobby, jumped aggressively forward at me spitting directly in my face and attempting to strike me with his shoulder. Offender Pierre only stopped his aggressive behavior when he was physically placed to the floor and chemical agent was administered by Major Young. Offender Pierre is currently housed on preventative segregation and DOPP #34. (See attached UOR's)

I was fully restrained at all times upon leaving my cell; handcuffs (double-locked) w/ black box attached to chains by padlock going around waste and with leg irons attached to my feet. Using chemical agents was use of excessive force by their own admittance because at no point in time in no reports does any officer allege I ever resisted. But, this is an entirely "staged" incident that never took place. At Prob. cause/prelim. hrng., Hamilton testified saying I jumped up off my knees fully restrained and did what I did. They've told so many different lies that they stole my property and took all their U.O.R's and copies of sick calls, among other evidence out of my property before transferring me to Angola. But, I am a U.S. Marine and Boy Scout; I stay prepared! Semper Fidelis! Rah!

11. Offender Placed in Administrative Segregation ☐ Yes ☒ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| Louis Hamilton M/Sgt | **Louis Hamilton, Corr. M/Sgt. N4 C&D Tier** |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above offender by: | 17. Offender's Signature |
|---|---|---|---|
| **2 April 2020** | **1824 hrs** | [signature] | Refused |

18. Plea by Offender: ☒ Not Guilty ☐ Guilty
19. Verdict: ☐ Not Guilty ☒ Guilty

20. Date of Hearing: 4/7/2020
21. Counsel Substitute:
DOC #:

22. Disciplinary Court Motions: Refer to Form B-05-001-B.

23. Reasons For Disposition:
- ☒ Report is clear and precise.
- ☐ Lack of credible defense/little or no defense.
- ☐ Based on offender's statement.
- ☒ The officer's version is determined to be more credible than the offender's.
- ☐ Pled guilty/accepted guilty plea.
- ☐ Only defense is denying contents of report.
- ☐ The offender presented no evidence to refute the charges.
- ☐ The Investigative officer's testimony was deemed more truthful and accurate than the offender's.
- ☐ Plea bargain.
- ☐ The offender's demeanor led the board to believe that the offender's testimony was untrue.
- ☐ Other

24. Reasons for Sentence:
- ☒ Seriousness of offense
- ☒ The need to protect the institution, employees or other.
- ☐ Poor conduct record. A total of ______ rule violation(s). A total of ______ Schedule B violations since: ______. A total of ______ # ______ rule violations since ______.
- ☐ Other: ______

25. Sentence: ☐ Suspended ☒ Imposed ______ Days

45 Days Fort of GT.

26. Sentence: ☐ Suspended ☐ Imposed ______ Days

27. DISCIPLINARY BOARD: After an offender is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. B-05-003 "Imposition of Restitution."

Major P. Warden
CHAIRMAN (DISCIPLINARY OFFICER)

[signature]
MEMBER