UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DELIS BERNARD PIERRE | CIVIL ACTION NO. 20-1529 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is *pro se* Petitioner Delis Bernard Pierre's "Objections to Magistrate Judge's Order for Protective Order and to Stay Pending Discovery and Memorandum and Law in Support" (Record Document 34), which this Court construes as a Magistrate Appeal. On February 3, 2022, Magistrate Judge Hornsby granted Defendants' Motion for Protective Order and to Stay Pending Discovery. See Record Documents 28 & 29. Magistrate Judge Hornsby stated that counsel shall advise the court of the status of the pending criminal case concerning Petitioner every sixty days. See Record Document 29. Petitioner now appeals the stay of discovery on the grounds that the decision was clearly erroneous and contrary to law. See Record Document 34. For the reasons set forth below, the Magistrate Appeal (Record Document 34) is **DENIED** and Magistrate Judge Hornsby's Order (Record Document 29) of February 3, 2022, is **AFFIRMED**.

The decision by Magistrate Judge Hornsby to grant the Protective Order and Stay Pending Discovery is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions that a magistrate judge may not conclusively decide. An order on a non-dispositive matter from the magistrate judge must be upheld unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A)

& Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). The Court will review the Magistrate Judge's legal conclusions *de novo* and will review his factual findings for clear error. See Bedingfield v. Deen, No. 09-369, 2011 WL 1044397, at *1 (W.D. La. Mar. 18, 2011).

Petitioner instituted the present action against Defendants under Section 1983 for excessive force, among other claims, based on an incident that occurred at David Wade Correctional Center on April 2, 2020. See Record Document 9. Petitioner is simultaneously subject to a criminal action in which he may be convicted for battery on a police officer for the same incident that occurred on April 2, 2020. See Record Document 36. Petitioner has filed a Request for Production of Documents in the Section 1983 suit that primarily revolves around the incident that is the focus of the criminal action. See Record Document 36. Magistrate Judge Hornsby's Protective Order stays the discovery in the civil suit pending the outcome of the criminal action. See Record Document 29.

Under the doctrine established in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), where the success of a plaintiff's Section 1983 suit "would challenge the constitutionality of his conviction and the plaintiff cannot show that the conviction has been reversed, expunged, invalidated, or called into question by the issuance of a habeas writ, the district court may properly dismiss the section 1983 claim." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). Here, because self-defense is a justification defense to the battery of an officer, Petitioner's claim concerning the use of excessive force would, if proved, necessarily imply the invalidity of his conviction for battery. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (dismissing plaintiff's Section 1983 claim where finding of excessive force would necessarily undermine conviction of battery of an officer);

see also LSA–R.S. 14:19. Importantly, it is irrelevant that Petitioner admits to the battery that is the subject of the criminal action; a conviction based on a guilty plea or its equivalent may still be used to impose the Heck rule. See Ballard v. Burton, 444 F.3d 391, 397 (5th Cir. 2006) (holding that a conviction based on an Alford plea could support imposition of Heck's favorable termination rule).

Further, where it is unclear whether the Section 1983 claims will be completely barred by Heck because the criminal case is still pending, a stay, rather than dismissal, may be appropriate to avoid potentially conflicting judgments. See Mackey, 47 F.3d at 746. Thus, this Court's review of the petition and the instant appeal do not evidence that Magistrate Judge Hornsby's granting of the stay at this stage was clearly erroneous or contrary to law. Thus, the Order granting the Defendants' Motion for Protective Order and to Stay Pending Discovery (Record Document 29) is **AFFIRMED**, and Petitioner's appeal (Record Document 34) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 15th day of September, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT