RECEIVED
MAR 10 2023
TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| DELIS B. PIERRE | : | CIVIL ACTION NO. 20-CV-1529-P |
| VERSUS | : | CHIEF JUDGE HICKS |
| JERRY GOODWIN, ET. AL. | : | MAGISTRATE JUDGE HORNSBY |

## MOTION TO LIFT PROTECTIVE ORDER AND STAY OF PENDING DISCOVERY (RECORD DOCUMENT 29 AND 43)

NOW INTO COURT comes Delis B. Pierre, pro se plaintiff herein, seeking to lift Protective Order and Stay of Pending Discovery (Rec. Doc's. 29 and 43) and permit discovery to resume without delay. In support thereof, Pierre presents the following:

## STATEMENT OF THE CASE
## FACTS AND PROCEDURAL HISTORY

The Plaintiff ("Pierre") filed the above captioned civil rights action on December 01, 2020, pursuant to 42 U.S.C. §1983, alleging that he was the subject of, amongst other things, excessive force and a conspiratorial cover up regarding that alleged excessive force at David Wade Correctional Center ("DWCC") on April 02, 2020.

On July 29, 2021, Magistrate Judge Hornsby issued a memorandum order (Rec. Doc. 12) for Defendants to file a response thereto and, thereafter, for all parties to complete all appropriate discovery.

On December 03, 2021, Defendants filed an answer asserting it's defenses, one of which being that this case may become barred by Heck. (Heck v Humphrey, 512 U.S. 477, 487 (1994)).

Pierre submitted his first request for production of documents to Defendant's on January 27, 2022.

On February 02, 2022, Defendants filed a motion for protective order and stay of pending discovery with memorandum in support, (Rec. Doc. 28), asserting Heck.

On February 03, 2022, Defendant's motion was granted by Magistrate Judge Hornsby. (Rec. Doc. 29)

On February 23, 2022, Pierre appealed the Magistrate's decison. (Rec. Doc. 34)

On September 15, 2022, Chief Judge Hicks denied Pierre's appeal, affirming the Magistrates decision. (Rec. Doc. 43)

On January 03, 2023, the pending criminal action against Pierre in Louisiana's Second Judicial District Court, Claiborne Parish, for battery of a police officer (State of Louisiana v Delis B. Pierre, Docket No. 33,047) was resolved in favor of Pierre, effectively dismissing the criminal action. (See Exhibits A&B, attached).

It is at this time and for this reason the instant motion is now properly before this Honorable Court.

## ARGUMENT

Pierre asserts that the date of the incident pertaining to the claims in his pending civil action was April 02, 2020, less than one month shy of 3 years to date. The defendants have falsified documents, filed erroneous criminal charges on Pierre and misrepresented facts during this entire period for the purpose(s), amongst other things, 1) of attempting to cover up a malicious, sadistic and brutal beating of Pierre, 2) as a dilatory tactic to prolong these proceedings, 3) to prevent discovery from ensuing, 4) to allow potential witnesses (officer's and offender's) to be transferred/released and/or to obtain employment elsewhere, and 5) allowing time, in general, to pass as a tactic at preventing Pierre from obtaining critical documents, witness information/locations, and other incriminating evidence that are all critical and pertinent to support and prove all of the allegations in Pierre's complaint. Notwithstanding the aforementioned contentions, the State of Lousiana chose not to prosecute the criminal case against Pierre after the defendant's testified inconsistently, and even defensively at times, during the probable cause hearing in the criminal case, to include but not limited to, presenting false evidence, altered evidence and statements/testimony contrary to their original reports and/or withholding evidence they admitted they had (video/camera footage) and then alleging they could not retrieve it after the Judge ordered them to do so. The original trial date was set for September 20, 2021 while Pierre was still residing at DWCC, but no appearances nor continuances were made on behalf of any parties (State or Defense) and it was at that time that "...the matter...[was] upset without a date," as Counsel for Defendants alleges in his notice of compliance/status update filed November 18, 2022, not after all this time has passed as defendants "misrepresent."

Pierre contends that he is of the good-faith belief, and believes, that his own court-appointed counsel worked in concert with the defendant's counsel, the State's attorney(s) and the defendant's in order to prolong the criminal case as long as possible, all the while, fully aware that the charges would not be prosecuted due to the defendants' shortcomings and inconsistencies at the probable causing hearing. Pierre attempted to make contact with his attorney, Mr. Chris Bowman ("Bowman") an unprecedented amount of times via telephone and written correspondence, but was effectively abandoned by Bowman. Pierre requested multiple times, and even demanded, that Bowman file a motion to quash, but Bowman refused and ignored Pierre. Pierre refused to be taken advantage of in the criminal and instant civil case(s), therefore he filed his own motions to quash and to relieve counsel of record and enroll as counsel of record in order to proceed pro se in self-representation of the motion to quash on October 10, 2022. The matter was set for a contradictory hearing on January 03, 2023. After hearing no response thereafter said

hearing, Pierre was compelled to inquire into the matter(s) via written correspondence to the clerk of court on February 01, 2023 and it was after this "status check" that Pierre received official notice therefrom on/about February 15, 2023 informing him that the case was dismissed. (see Exhibits A, B, and C, attached)

It must be addressed and noted that in the magistrate judge's order granting the defendant's motion for protective order and stay pending discovery (Rec. Doc. 29), the magistrate judge ("M.J.") specifically ordered that "...Counsel **Shall** advise the court of the status of the criminal case every 60 days." Pierre received the first "status update" via a copy of a "Notice of Compliance" from defendant's Counsel on/about April 13, 2022, fairly close to the ordered "60 days." Pierre received nothing further until after he filed the motions regarding his criminal case on October 10, 2022, and still not until November 18, 2022, a total of 7 months since the first, April 13, 2022 notice, clearly in violation, or "contempt," of the M.J.'s order. Although Counsel for defendants note that "The matter... is upset without date" in his November 18, 2022 notice of compliance to this Court, and no significant changes occurred before that date, clearly a significant "status" change occurred thereafter and, more importantly, 1) over 3 months have transpired since the Nov. 18 date, and 2) if Counsel was in obedience to the M.J.'s order, they could have, and should have, notified this court of the dismissal of Pierre's criminal case and as an act of "good-faith," requested the court to lift the stay and protective order that they themselves moved for and was granted.

Pierre is not a attorney by no means and has only learned what he does know as of late. Pierre wishes to work with defendant's Counsel(s) in order to resolve this case as conveniently and fairly as possible. The defendant's placed the Claiborne Parish Assistant District Attorney in a very uncomfortable and unexpected position during the probable cause hearing and the A.D.A. opted not to waste precious judicial resourses and taxpayers money to prosecute a case he knew to be erroneous. It is now time for Pierre to get the justice he so rightfully deserves and he submits that it will be in the best interests of the State of Louisiana, the Attorney Generals Office, this Honorable Court, the Public and all parties' already limited resources to remedy this case sooner rather than later. Pierre officially submits for the record that he is willing to meet with counsel for defendants for the purpose of negotiating a settlement in order to prevent embarassment to the La. Dept. Pub. Sfty. & Corr's., as well as the Atty. Gen's. Office, if the public/taxpayers hear the truth of this incident, but more detrimental, hearing the cost of what it takes to defend individuals who deserve a different kind of lawyer: a criminal defense attorney. My name is Delis Bernard Pierre, and though I am not a saint, what happened to me on April 02, 2020 is absolutely nothing compared to the charges that got me a 99 yr sentence. If I got 99 yr's. for my charge, the culprits in this case deserve the death penalty. It's time for discovery to continue, but there are those who won't like what is actually "discovered."

"Justice too long delayed is justice denied." (Dr. Martin Luther King, Jr.) My name is Delis Pierre, and I am the victim.

Respectfully Submitted, Semper Fidelis,

[signature] ©1974

(Pro se plaintiff)

Delis Pierre #498929
LSP, D/R CCR, D-12
Angola, La. 70712

CERTIFICATION

I HEREBY CERTIFY that the foregoing, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, is true and correct and is not being used/presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Signed on this 7th day of March, 2023.

[signature] ©1974

(pro se plaintiff)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY I have filed the foregoing with the Court's electronic filing system, CM/ECF, and mailed the same to the Louisiana Department of Justice, Litigation Division, Civil Rights Section, Attn. Mr. Daniel R. Ewing, Asst. Atty. Gen., Counsel for Defendants, 330 Marshall Street, Suite 777, Shreveport, La. 71101, on this 7th day of March, 2023.

[signature] ©1974

(pro se plaintiff)

Enc's.: Exhibit "A" - Letter from Deputy Clerk of Court, 2nd J.D.C.
Exhibit "B" - Copy of minutes from Jan. 3, 2023, 2nd J.D.C.
Exhibit "C" - Letter to Clerk of Court, 2nd J.D.C.