UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DELIS BERNARD PIERRE #498929        CIVIL ACTION NO. 20-cv-1529

VERSUS                              JUDGE EDWARDS

JERRY GOODWIN ET AL                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Delis Bernard Pierre ("Plaintiff") is a self-represented inmate who filed this civil rights action against several corrections officers and staff members at the David Wade Correctional Center ("DWCC"). Plaintiff's mail from the court has been returned since February 2024 with an indication that Plaintiff is no longer at the last address he provided the court. For the reasons that follow, it is recommended that this civil action be dismissed without prejudice for failure to prosecute.

Plaintiff alleged in his complaint that DWCC officials engaged in a host of wrongdoings, including the use of restraints, application of chemical spray, placement in a strip cell as part of behavioral management, excessive force, and inadequate medical care. The court ordered that Defendants be served, and they responded by filing an answer.

The court set deadlines for the completion of discovery and the filing of dispositive motions. Defendants later moved for and were granted a stay, based on the Heck doctrine, due to a pending state court criminal charge against Plaintiff. The stay was later lifted on Plaintiff's motion and a showing that the state court charge was

dismissed. The court set new deadlines for the completion of discovery and filing of dispositive motions. Defendants requested extensions of time to file a dispositive motion, and extensions were granted.

The court delivered notice of various orders to Plaintiff at the Louisiana State Penitentiary, the last address he provided. On February 15, 2024, a minute entry that the court mailed to Plaintiff was returned as undeliverable with an indication that Plaintiff was no longer at Louisiana State Penitentiary. Doc. 71. Another order was also returned on March 6, 2024 marked as undeliverable because Plaintiff was no longer at the penitentiary. Doc. 74.

Plaintiff's original complaint was filed on a form provided by the court. Above the signature line was preprinted statement that Plaintiff agreed to provide the clerk's office "with any changes to my address where case-related papers may be served." The text added: "I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." Doc. 1, p. 33.

When the court issued an order regarding service of the complaint, the order ended with this paragraph:

> All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanctions.

Doc. 12, p. 19. The order is consistent with the provision in Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

Where a litigant has been warned that dismissal may result from a failure to notify the district court of an address change, the failure to do so, beyond being in violation of a court order, "may be considered by the district court as ... cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 593 n.1 (5th Cir. 2007). The court has not received from Plaintiff a timely, written notice of change of address as required by the court's order and local rule. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which notices mailed to the plaintiff are returned. Dismissal without prejudice for failure to prosecute is warranted. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005); St. Juniors v. Burgess, 2016 WL 4368230 (E.D. La. 2016).

Accordingly;

It is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2024.

*[signature: MJH]*

Mark L. Hornsby
U.S. Magistrate Judge